Case 4:25-cv-04900   Document 8   Filed on 10/31/25 in TXSD   Page 1 of 7

United States District Court
Southern District of Texas
**ENTERED**
October 31, 2025
Nathan Ochsner, Clerk

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| ANDRE R. PURVIS, § <br> TDCJ # 02515556, § <br> § <br> Plaintiff, § <br> § <br> VS. § <br> § <br> TAYLOR ALLISON CANDIS MATHIS, *et* § <br> *al*,, § <br> § <br> Defendants. § | CIVIL ACTION NO. 4:25-4900 |

## MEMORANDUM OPINION AND ORDER

Plaintiff Andre R. Purvis is an inmate in the Texas Department of Criminal Justice–Correctional Institutions Division (TDCJ). He has not paid the filing fee for this civil-rights action. Because this case is governed by the Prisoner Litigation Reform Act (PLRA), the Court is required to scrutinize the pleadings and dismiss the complaint in whole or in part if it is frivolous, malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B); 28 U.S.C. § 1915A(b). After reviewing all of the pleadings as required, the Court concludes that this case must be **DISMISSED** for the reasons explained below.

**I.   BACKGROUND**

Purvis' civil-rights claims stem from criminal proceedings in the 183rd District Court of Harris County, Cause No. 182910001010, which resulted in a judgment against

him dated July 17, 2024, and an 8-year sentence in TDCJ.[1] He brings claims against three defendants: (1) Taylor Allison Candis Mathis, his criminal defense attorney; (2) Harris County District Attorney Sean Teare; and (3) Hon. Kristin Guiney, 183rd District Court for Harris County, who presided over his criminal case. He claims that Mathis did not exhaust all defenses available to him; that Mathis and the prosecutor coerced him into signing a plea agreement; and that the prosecutor and the judge threatened him with a longer sentence if he did not agree to plead and accept an 8-year sentence (Dkt. 1, at 3-4). Purvis also presents a letter he received from the Harris County District Attorney in April 2025, which informed him that his criminal case "may fall within the range of concern" for a manufacturing issue with "reagents used in DNA processing" and that "[i]mpacted cases would have DNA conclusions of either 'no DNA or 'insufficient DNA'." *See* Dkt. 1-1, at 3 (advising Purvis to "[c]ontact an attorney if you have questions about the content of this letter or wish to discuss any issues concerning your case"); *id*. at 1-2 (Purvis states that the DNA evidence in his case was inconclusive and that he was coerced into pleading guilty).

As relief for his claims, Purvis seeks release from imprisonment with back pay from his lost job, among other relief (Dkt. 1, at 4).

---

[1] *See* Record Search, Harris County District Clerk, available at https://www.hcdistrictclerk.com/Edocs/Public/search.aspx (last visited Oct. 30, 2025); Inmate Information Search, TDCJ, available at https://inmate.tdcj.texas.gov/InmateSearch (last visited Oct. 30, 2025) (reflecting that Purvis is incarcerated based on his conviction in Cause No. 182910001010). It does not appear that Purvis filed an appeal or an application for state habeas relief. *See* Case Information, Texas Judicial Branch, available at http://search.txcourts.gov/CaseSearch.aspx?coa=cossup=c (last visited Oct. 30, 2025).

## II.    THE PLRA AND PRO SE PLEADINGS

Because the plaintiff is a prisoner and has not paid the filing fee, the Court is required by the PLRA to screen the case and dismiss the complaint at any time if it determines that the complaint is frivolous, malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief.  28 U.S.C. § 1915(e)(2)(B); 28 U.S.C. § 1915A(b).  A district court may dismiss a claim as frivolous if it lacks any arguable basis in law or fact.  *Samford v. Dretke*, 562 F.3d 674, 678 (5th Cir. 2009).  A claim lacks an arguable basis in law "if it is based on an indisputably meritless legal theory."  *Rogers v. Boatright*, 709 F.3d 403, 407 (5th Cir. 2013) (cleaned up).  It lacks an arguable basis in fact "if, after providing the plaintiff the opportunity to present additional facts when necessary, the facts alleged are clearly baseless."  *Id.* (cleaned up).

A dismissal for failure to state a claim is governed by the same standard as a motion to dismiss under Rule 12(b)(6) of the Federal Rules of Civil Procedure.  *See Newsome v. EEOC,* 301 F.3d 227, 231 (5th Cir. 2002).  Under this standard, the Court "construes the complaint liberally in favor of the plaintiff," "takes all facts pleaded in the complaint as true," and considers whether "with every doubt resolved on [the plaintiff's] behalf, the complaint states any valid claim for relief."  *Harrington v. State Farm Fire & Cas. Co.*, 563 F.3d 141, 147 (5th Cir. 2009) (cleaned up).

In reviewing the pleadings, the Court is mindful of the fact that the plaintiff proceeds *pro se*.  Complaints filed by *pro se* litigants are entitled to a liberal construction and, "however inartfully pleaded, must be held to less stringent standards than formal pleadings

drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (cleaned up). Even under this lenient standard a *pro se* plaintiff must allege more than "'labels and conclusions' or a 'formulaic recitation of the elements of a cause of action.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007)); *see Patrick v. Wal-Mart, Inc.*, 681 F.3d 614, 617 (5th Cir. 2012). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Iqbal*, 556 U.S. at 678. Additionally, regardless of how well-pleaded the factual allegations may be, they must demonstrate that the plaintiff is entitled to relief under a valid legal theory. *See Neitzke v. Williams,* 490 U.S. 319, 327 (1989); *Geiger v. Jowers,* 404 F.3d 371, 373 (5th Cir. 2005).

### III.   DISCUSSION

Purvis brings his claims under 42 U.S.C. § 1983, which provides a vehicle for a claim against a person "acting under color of state law," such as a prison official, for a constitutional violation. *See Pratt v. Harris Cty., Tex.*, 822 F.3d 174, 180 (5th Cir. 2016); *Townsend v. Moya*, 291 F.3d 859, 861 (5th Cir. 2002). He seeks release from custody and monetary relief.

Under *Heck v. Humphrey*, 512 U.S. 477 (1994), a § 1983 claim for damages that bears a relationship to a conviction or sentence is not cognizable unless the conviction or sentence has been invalidated. To prevail based on allegations of "harm caused by actions whose unlawfulness would render a conviction or sentence invalid," a civil-rights plaintiff must prove "that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such

determinations, or called into question by a federal court's issuance of a writ of habeas corpus [under] 28 U.S.C. § 2254." *Id.* at 486-87. If a judgment in favor of a civil-rights plaintiff "would necessarily imply the invalidity of his conviction or sentence," then the complaint "must be dismissed unless the plaintiff can demonstrate that the conviction or sentence has already been invalidated." *Id.* at 487; *see Hainze v. Richards,* 207 F.3d 795, 798 (5th Cir. 2000). The Supreme Court has unequivocally stated that "a state prisoner's § 1983 action is barred (absent prior invalidation)—no matter the relief sought (damages or equitable relief), no matter the target of the prisoner's suit (state conduct leading to conviction or internal prison proceedings)—if success in that action would necessarily demonstrate the invalidity of confinement or its duration." *Wilkinson v. Dotson*, 544 U.S. 74, 81-82 (2005) (emphasis removed).

Purvis' claims in this case are inextricably linked to his sentence and present confinement in TDCJ. A ruling in his favor on his civil-rights claims would necessarily imply the invalidity of his conviction and sentence. Therefore, under *Heck*, he is entitled to proceed with his § 1983 claim only if the judgment against him previously has been reversed or otherwise declared invalid. Public court records do not reflect, and Purvis does not claim, that his conviction has been invalidated or otherwise set aside. Absent this showing, the rule in *Heck* precludes his claim for relief. *See Wilkinson*, 544 U.S. at 81-82; *Clarke v. Stalder*, 154 F.3d 186, 190-91 (5th Cir. 1998) (en banc).

Purvis' civil-rights claims are not cognizable under 42 U.S.C. § 1983 at this time and any claim for injunctive relief must be dismissed without prejudice. *Id.* at 191; *Johnson*

*v. McElveen*, 101 F.3d 423, 424 (5th Cir. 1996).[2]   His claims for damages must be dismissed with prejudice to being asserted again until the *Heck* conditions are met.  *See Johnson*, 101 F.3d at 424 (explaining that claims barred by *Heck* are "dismissed with prejudice to their being asserted again until the *Heck* conditions are met").

Additionally, the Court notes several other grounds supporting dismissal.  First, a criminal defense attorney such as Mathis is not a state actor for purposes of § 1983 and thus is not a proper defendant in a civil-rights action.  *See Hudson v. Hughes*, 98 F.3d 868, 873 (5th Cir. 1996) (the plaintiff's claim against his defense attorney "is not cognizable in this section 1983 action because his attorney is not a state actor"); *Mills v. Criminal Dist. Court No. 3,* 837 F.2d 677, 679 (5th Cir.1988) ("private attorneys, even court-appointed attorneys, are not official state actors, and generally are not subject to suit under section 1983").  Second, prosecutors such as Teare are shielded by absolute immunity "for activities intimately associated with the judicial phase of the criminal process, including initiating a prosecution and presenting the State's case." *Terwilliger v. Reyna*, 4 F.4th 270, 280 (5th Cir. 2021) (cleaned up); *see Boyd v. Biggers*, 31 F.3d 279, 285 (5th Cir. 1994); *Bradley v. Salvant*, 801 F. App'x 315 (5th Cir. 2020).  Finally, Judge Guiney is entitled to absolute immunity from a claim for damages when the claim arises out of acts performed

---

[2]   Additionally, Purvis' request for release from custody is improper in a civil-rights case under 42 U.S.C.§ 1983.  Rather, a request for release must be brought in a petition for a writ of habeas corpus.  *See Maxwell v. Thomas*, 133 F.4th 453, 454 (5th Cir. 2025) ("a habeas petition is the proper vehicle to seek release from custody") (cleaned up); *Poree v. Collins*, 866 F.3d 235, 242-43 (5th Cir. 2017).

in the exercise of her judicial functions. *Davis v. Tarrant County, Texas*, 565 F.3d 214, 221 (5th Cir. 2009); *Ballard v. Wall*, 413 F.3d 510, 515 (5th Cir. 2005).

## IV. <u>CONCLUSION</u>

For the reasons stated above, the Court **ORDERS** as follows:

1. The complaint (Dkt. 1) filed by Purvis is **DISMISSED** under 28 U.S.C. §1915(e)(2)(B) and 28 U.S.C. § 1915A(b) for failure to state a claim upon which relief may be granted. His claims for injunctive relief are **dismissed without prejudice**. His claims for monetary damages are **dismissed with prejudice** to his claims being asserted again until the *Heck* conditions are met.

2. All pending motions are **DENIED** as moot.

**The Clerk will provide a copy of this order to the parties and to (1) the Inmate Trust Fund, P.O. Box 629, Huntsville, Texas 77342-0629, by email at ctfcourt.collections@tdcj.texas.gov; and (2) the Manager of the Three-Strikes List for the Southern District of Texas at Three_Strikes@txs.uscourts.gov.**

SIGNED at Houston, Texas, on     October 31                    , 2025.

_____
GEORGE C. HANKS, JR.
UNITED STATES DISTRICT JUDGE